UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CHAD MORAN,

                              Plaintiff,

     -v-                                    3:14-CV-0833
                                             (DNH)

CAROLYN W. COLVIN, Commissioner of
Social Security,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:

LACHMAN, GORTON LAW FIRM          PETER A. GORTON, ESQ.
Attorneys for Plaintiff
P.O. Box 89
Endicott, NY 13761-0089

SOCIAL SECURITY ADMINISTRATION    GRAHAM MORRISON, ESQ.
Attorneys for Defendant
Office of Regional General Counsel
26 Federal Plaza - Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

       On May 26, 2015, plaintiff's counsel was awarded Five Thousand One Hundred Fifty Dollars ($5,150.00) in attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412). See Consent Order, ECF No. 20. On April 24, 2017, plaintiff filed the pending motion for additional attorney's fees seeking an award of Eleven Thousand One Hundred Fifty Dollars and Forty Three Cents ($11,150.43) pursuant to 42 U.S.C. § 406. See ECF No. 21. The Social Security Administration has submitted a response. See ECF No. 22.

42 U.S.C. § 406(b) provides that whenever a court renders a judgment favorable to a Social Security claimant who was represented by an attorney, the court "may determine and allow as part of its judgment" reasonable attorney fees not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled. See 42 U.S.C. § 406(b)(1)(A). In determining whether a fee is reasonable under Section 406(b), a court should look first to the contingent-fee agreement and then test for reasonableness based on the character of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). Th Commissioner of Social Security may advise regarding the reasonableness of the amount of fees sought under Section 406(b). See Briem v. Barnhart, 2006 WL 3374955 at *1 (W.D.N.Y. Nov. 17, 2006).

After remand of this action, the Commissioner determined that plaintiff was entitled to past due benefits and withheld 25 percent of the total past due benefit amount. See Declaration of Peter Gorton, Ex. B, ECF No. 21-3. Plaintiff's counsel has submitted contemporaneous time records evidencing 27.3 hours of attorney time. See Gorton Decl., Ex. A, ECF No. 21-2. The Commissioner has reviewed plaintiff's motion and found that the request of plaintiff is reasonable and does not oppose the fee award. Review of plaintiff's motion and supporting documentation evidences that plaintiff's request for $11,150.43 in attorney's fees is reasonable and appropriate. As a result, plaintiff's motion will be granted.

Plaintiff's counsel was previously awarded $5,150.00 in attorney's fees pursuant to the Equal Access to Justice Act. Pursuant to the 1985 Amendments to the EAJA, where counsel receives fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must return the lesser of the two fees to plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988). As such, plaintiff's counsel shall refund to plaintiff the $5,150.00 awarded in EAJA fees.

For the foregoing reasons, it is ORDERED that

(1) Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (ECF No. 21) is **GRANTED**;

(2) Plaintiff's counsel shall refund to the plaintiff the sum of Five Thousand One Hundred Fifty Dollars ($5,150.00) previously awarded to counsel pursuant to the Equal Access to Justice Act; and

(3) Plaintiff's counsel is awarded fees in the sum of Eleven Thousand One Hundred Fifty Dollars and Forty Three Cents ($11,150.43) pursuant to 42 U.S.C. § 406(b).

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 25, 2017
       Utica, New York